EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

| | | |
|---|---|---|
| JONATHAN S. ABADY<br>MATTHEW D. BRINCKERHOFF<br>ANDREW G. CELLI, JR.<br>RICHARD D. EMERY<br>DEBRA L. GREENBERGER<br>DIANE L. HOUK<br>DANIEL J. KORNSTEIN<br>JULIA P. KUAN<br>HAL R. LIEBERMAN<br>ILANN M. MAAZEL<br>KATHERINE ROSENFELD<br>ZOE SALZMAN<br>SAM SHAPIRO<br>EARL S. WARD<br>O. ANDREW F. WILSON | ATTORNEYS AT LAW<br>ONE ROCKEFELLER PLAZA<br>8TH FLOOR<br>NEW YORK, NEW YORK 10020<br><br>TEL: (212) 763-5000<br>FAX: (212) 763-5001<br>www.ecbawm.com | DANIEL M. EISENBERG<br>VASUDHA TALLA<br><br>ERIC ABRAMS<br>NICK BOURLAND<br>HANNAH BRUDNEY<br>SARA LUZ ESTELA<br>BIANCA HERLITZ-FERGUSON<br>LAURA S. KOKOTAILO<br>SONYA LEVITOVA<br>HAFSA S. MANSOOR<br>SANA MAYAT<br>VIVAKE PRASAD<br>MAX SELVER<br>EMILY K. WANGER<br>RACHAEL WYANT<br>SYDNEY ZAZZARO |

March 25, 2025

*Via ECF*

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Widakuswara, et al. v. Lake, et al.*, No. 25 Civ. 2390 (JPO)

Dear Judge Oetken:

      On behalf of Plaintiffs in the above-referenced action, which concerns Defendants' ongoing unlawful dismantling of the United States Agency for Global Media ("USAGM") and its broadcasters, including the Voice of America ("VOA"), we write to: (1) report on the status of the parties' conferring regarding Plaintiffs' TRO request; (2) supplement the record in further support of Plaintiffs' motion for a TRO, Dkt. 15; and (3) respectfully renew Plaintiffs' request for an immediate TRO preserving the status quo.

      <u>Defendants have not agreed to stipulate to a stay pending resolution of Plaintiffs' motion for a preliminary injunction</u>. Following yesterday's court conference, the parties conferred by phone and email regarding Plaintiffs' TRO motion and a possible stipulation to provide the temporary relief Plaintiffs seek—namely, preservation of the immediate status quo pending resolution of Plaintiffs' motion for a preliminary injunction. Last night, Defendants informed Plaintiffs that they are unable to take a position at this time on Plaintiffs' request to enter into a stipulated stay.

      <u>Defendant Lake's latest statements make clear that Plaintiffs face immediate irreparable harm absent a TRO</u>. Yesterday morning—the morning after Plaintiffs filed their Order to Show Cause—Defendant Lake appeared on "Bannon's War Room" and explained to her interviewer that she and Defendants are moving full speed ahead with their ongoing gutting of USAGM and

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

its broadcasters, including VOA, notwithstanding Plaintiffs filing suit.[1]  Her statements make clear that Plaintiffs will suffer immediate irreparable harm absent a TRO.  Specifically, Defendant Lake stated: "We're scaling things back to their statutory minimum . . . .  And we've gotten a series of lawsuits already filed against us.  *I'm not phased by it.  We will continue.*"  Defendant Lake then boasted that she is Plaintiffs' "worst nightmare" because she has faced legal challenges before and when "another lawsuit drops, it doesn't phase [her]."  The immediate threat of irreparable harm to Plaintiffs could not be more clear, especially in light of Defendant Lake's previous extreme statements—posted on USAGM's own website—about "spies and terrorist sympathizers and/or supporters infiltrating the agency."  Celli Decl., Ex. C (Dkt. 16-3); *see Does 1-26 v. Musk,* No. CV 25-0462-TDC, 2025 WL 840574, at *28 (D. Md. Mar. 18, 2025) (finding irreparable harm where "Defendants' public statements regarding the reasons for the actions relating to [shuttering] USAID go far beyond the ordinary," including calling the agency "evil," "a criminal organization," and "engaged in anti-American activity").

The Court should grant Plaintiffs' TRO to preserve the immediate status quo.  In light of Defendant Lake's latest statements and for the reasons provided in Plaintiffs' memorandum of law, *see* Dkt. 17, Plaintiffs respectfully renew their request for a TRO, which would preserve the immediate status quo in effect right now until the Court has an opportunity to hear argument and render a decision on Plaintiffs' motion for a preliminary injunction.  In the alternative, Plaintiffs respectfully request that the Court order a brief administrative stay, which the Court can order without having to render a decision on the likelihood of success on the merits of Plaintiffs' claims,[2] and which would likewise preserve the status quo pending a decision on Plaintiffs' TRO motion.  *See, e.g.*, *Dellinger v. Bessent*, No. 25 Civ. 385, 2025 WL 471022, at *1 (D.D.C. Feb. 12, 2025), *appeal dismissed*, No. 25-5028, 2025 WL 559669 (D.C. Cir. Feb. 15, 2025) (issuing "a brief administrative stay so [the court] could consider [plaintiff's TRO motion] with the benefit of the defendants' position").  Whether framed as a TRO or an initial administrative stay, such an order is necessary to protect Plaintiffs from imminent irreparable harm caused by Defendants' conduct, which, as noted above, Defendant Lake says "will continue."

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

---

[1] *See* Bannon's War Room, *Kari Lake On Voice Of America Scale Down*, Rumble (Mar. 24, 2025), https://rumble.com/v6r4pce-i-saw-a-graphic-of-trump-with-a-swastika-over-his-face.-kari-lake-on-voice-.html.

[2] *See United States v. Texas*, 144 S. Ct. 797, 798 (2024) ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application.  Rather, they freeze legal proceedings until the court can rule on a party's request for expedited relief." (cleaned up)).