

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 25, 2025

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

   Re: *Widakuswara,* et al. v. *Lake*, et al.,
     25 Civ. 2390 (JPO)

Dear Judge Oetken:

   On behalf of defendants U.S. Agency for Global Media ("USAGM"), Kari Lake, in her official capacity as Senior Advisor to the Acting CEO of USAGM, and Victor Morales, in his official capacity as Acting CEO of USAGM (collectively, the "Government" or "Defendants"), we write respectfully to respond to plaintiffs' letter to the Court dated today, which seeks entry of their proposed Temporary Restraining Order ("TRO") or in the alternative, a "brief administrative stay" which does not opine on the merits of plaintiffs' TRO application. (ECF No. 24).

   Defendants oppose plaintiffs' request for the entry of a TRO because the Government has not yet been heard on this application for immediate and extraordinary relief. Defendants further oppose plaintiffs' alternative request for entry of an "administrative stay." The Government submits that such an "administrative stay"—which would operate as injunctive relief to "protect Plaintiffs from irreparable harm," as plaintiffs contend in their letter, Pls.' Ltr. at 2—is not authorized by law. Plaintiffs cite no federal statute purporting to grant such an authority, and Rule 65 of the Federal Rules of Civil Procedure—which permits the Court only to issue a TRO or a preliminary injunction—does not provide authority either. Issuing this injunctive-like relief also falls outside of the courts' historically limited inherent authority to manage its dockets via administrative stays. These types of administrative stays have always been focused on the courts' ability to "manage their own affairs," and not understood to be independent authority to issue temporary injunctive relief.[1] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also In re Petition for Ord. Directing Release of Recs.*, 27 F.4th 84, 89 (1st Cir. 2022).

   In support of their letter motion, plaintiffs also cite statements made by defendant Lake in a March 24, 2025 interview, in which she stated she was not "fazed" by lawsuits challenging the agency's intent to "scal[e] things back to their statutory minimum." Pls.' Ltr. at 1–2. Despite their conclusory claim that these statements purportedly "make clear that Plaintiffs will suffer immediate irreparable harm absent a TRO," plaintiffs fail to and cannot demonstrate that these

---

[1] Although plaintiffs cited one case outside of this district in which a court entered an "administrative stay" so the court could consider plaintiffs' TRO motion, *see* Pls.' Ltr. at 2, the Government maintains that the court had no authority to do so.

generalized statements constitute tangible evidence that any specific USAGM employees, contractors, or grantees will suffer irreparable harm in the absence of imminent relief.

Should the Court grant plaintiffs' request—either by issuing a TRO or an administrative stay—the Government respectfully requests that its March 27, 2025, 5:00 p.m. deadline to file a TRO opposition and the hearing scheduled for March 28, 2025, at 10:00 a.m. be adjourned as moot. The Government further requests that the parties proceed with briefing on plaintiffs' preliminary injunction on the timeframe set forth in Local Civil Rule 6.1(b), with the Government's opposing papers to be filed within 14 days, plaintiffs' reply papers to be served within 7 days thereafter, and a hearing to be scheduled as soon as practicable once the motion is fully briefed.

Finally, if the Court enters a TRO, the Court should require plaintiffs to post an appropriate bond commensurate with the scope of any such temporary order. Under Federal Rule of Civil Procedure 65(c), the Court may issue a TRO or a preliminary injunction "only if the movant gives security" for "costs and damages sustained" by Defendants if they are later found to "have been wrongfully enjoined." Fed. R. Civ. P. 65(c). In accordance with both Rule 65(c) and the President's March 11, 2025 Memorandum titled "Ensuring the Enforcement of Federal Rule of Civil Procedure 65(c)," *see* https://www.whitehouse.gov/presidential-actions/2025/03/ensuring-the-enforcement-of-federal-rule-of-civil-procedure-65c/, the undersigned attorneys have conferred with USAGM, which has represented that the agency will be compelled to pay approximately $1.1 million per day to maintain the status quo without proceeding with the agency's anticipated reductions to USAGM operations and personnel within statutorily-mandated limits. We understand that this figure represents payroll costs and related expenditures that USAGM estimates it would not otherwise incur absent the requested immediate relief. Accordingly, USAGM requests that plaintiffs post an initial bond of $23.1 million, which is derived by multiplying $1.1 million per day over an estimated 21-day TRO period. Should the Court grant plaintiffs' preliminary injunction motion at a later date, USAGM requests that plaintiffs post a supplemental bond which multiplies $1.1 million by the estimated timeframe for the resolution of this matter.

We thank the Court for its consideration of this letter.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:     _/s/ Tomoko Onozawa_____
DANIELLE J. MARRYSHOW
TOMOKO ONOZAWA
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2689/2721
E-mail:    danielle.marryshow@usdoj.gov
               tomoko.onozawa@usdoj.gov

cc:    All Counsel of Record (via ECF)