# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

March 26, 2025

*Via ECF*

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Widakuswara, et al. v. Lake, et al.*, No. 25 Civ. 2390 (JPO)

Dear Judge Oetken:

  We write to respectfully reiterate our request for emergency relief as soon as possible, in light of both (a) concerning subsequent events since our last letter, and (b) supplemental authority issued yesterday by the United States District Court for the District of Columbia.

  Each moment without relief compounds Plaintiffs' irreparable harm. Since writing the Court yesterday, and after being enjoined by a district court in D.C. for their likely unlawful cancellation of funding to Radio Free Europe/Radio Liberty ("RFE/RL"),[1] *see* Ex. A (*RFE/RL* TRO Order), Defendants notified Plaintiffs AFSCME and AFGE that they intend to terminate 623 Voice of America ("VOA") employees—a number that entirely forecloses any hope of resuming USAGM's statutorily mandated functions.

  The evidence and judicial authority that has developed overnight and that further demonstrates a need for immediate relief is as follows:[2]

---

[1] In that case, brought by RFE/RL challenging USAGM's cancellation of that entity's statutorily required grant, the district court granted the plaintiff a TRO, barring Defendants Lake, Morales, and USAGM from taking any steps "relating to closing out the plaintiff's grant," after concluding that Defendants likely violated the APA. Ex. A at 9.

[2] We write to supplement the record to bring these facts to the Court's immediate attention. Because these facts developed after we filed our Complaint, they are not alleged in the Complaint. Plaintiffs can amend the Complaint

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

      <u>USAGM intends to eliminate all radio broadcast technicians</u>. At 10:50 p.m. on March 25, John Dryden, the president of Voice of America Employees Union, AFSCME Local 1418, received a letter from Crystal Thomas, USAGM Director of Human Resources, notifying him that USAGM intends to "send termination notices" to 29 of the Agency's 32 radio broadcast technicians ("RBTs"). Dryden Supp. Decl. ¶ 3.[3] Three other radio broadcast technicians had already submitted retirement applications. *Id.* ¶ 5. RBTs "are required to be in-person to broadcast programming" and are "on-site 24/7." Mar. 23, 2025 Celli Decl., Dkt. 16, Ex. O ¶¶ 5, 11. Defendants' plan to eliminate all non-retiring employees in this "essential" category shows they do not intend to resume the mandatory broadcasting requirements discussed extensively in our Complaint and TRO briefing. *See* Compl., Dkt. 1 ¶¶ 38-44; TRO Mot., Dkt. 17 at 5-6. Simply put, it is not possible to operate VOA without radio engineers. Dryden Supp. Decl. ¶ 6.

      <u>USAGM intends to terminate 594 AFGE bargaining unit members.</u> Also in the late hours of March 25, Paula Hickey, president of AFGE Local 1812, received notice from Ms. Thomas that USAGM intends to terminate 594 of its bargaining unit members, including broadcast journalists, technicians, budget analysts, electronics engineers, and others, by way of a reduction in force ("RIF"). Hickey Supp. Decl. ¶ 4. The scope of reductions shows that USAGM intends to eliminate nearly all positions involved in broadcasting and journalism at VOA. *Id.* ¶ 5.

      These forecasted terminations only compound the violations of the First Amendment, APA, and separation of powers addressed in our Complaint. These actions also stand in stark contrast to the Defendants' letter to the Court just yesterday, in which they dismissed as "generalized statements" Defendant Lake's comments on March 24, 2025, in which she confirmed her intent to continue dismantling USAGM. The timing and scope of Defendants' overnight conduct suggests Defendants may be using any delay in this case to advance their unlawful plan.

      Defendants clearly will not cease their unlawful conduct until they are required to do so by a court of law. Plaintiffs respectfully renew their request for a TRO or administrative stay, which would preserve the immediate status quo in effect right now—including staying the effectuation of termination notices—until the Court has an opportunity to hear argument and render a decision on Plaintiffs' motion for a preliminary injunction.

      <u>The Court should reject Defendants' bond request.</u> In granting Plaintiffs' motion for a TRO, the Court should decline Defendants' outrageous demand for an "an initial bond of $23.1 million." Dkt. 28 at 2.[4] "Rule 65(c) gives the district court wide discretion to set the amount of

---

to include these allegations at an appropriate time.

[3] Citations to "Dryden Supp. Decl." are to the March 26, 2025 Supplemental Declaration of John Dryden, attached as Exhibit B; "Hickey Supp. Decl." are to the March 26, 2025 Supplemental Declaration of Paula Hickey, attached as Exhibit C.

[4] It appears that Defendants made this excessive bond request pursuant to the President's March 11, 2025, Memorandum, which requires all Executive departments and agencies to "demand that parties seeking injunctions against the Federal Government" pay a security bond under Rule 65(c). *Ensuring the Enforcement of Federal Rule of Civil Procedure 65(c)*, The White House (Mar. 11, 2025) https://www.whitehouse.gov/presidential-

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

a bond," *Doctoris Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997), and where preliminary relief is ordered in suits involving the public interest, courts routinely waive bond or order nominal bond, *see Allstate Ins. Co. v. Metro Pain Specialists Pro. Corp.*, No. 21 Civ. 5586, 2022 WL 2467571, at *7 (E.D.N.Y. June 2, 2022) (noting that "[c]ourts regularly waive Rule 65(c)'s security requirement as a public-interest exception").[5]  To determine whether litigation is "in the public interest" for purposes of waiving bond under Rule 65(c), the "central consideration" is "the nature of the rights being enforced." *Pharm. Soc. of State of N.Y., Inc. v. New York State Dep't of Soc. Servs.*, 50 F.3d 1168, 1175 (2d Cir. 1995).  No bond should be ordered here, where Plaintiffs sue to enforce federal laws governing USAGM and halt Defendants' violation of, among other things, Plaintiffs' First Amendment rights.

Moreover, Defendants' rationale for its astronomical bond request—that USAGM will incur $1.1 million per day to maintain current "*payroll costs* and related expenditures that USAGM estimates it would not otherwise incur absent . . . immediate relief," Dkt. 28 at 2 (emphasis added), is, at best, nonsensical and, at worst, demonstrates that Plaintiffs face immediate irreparable harm.  Currently, USAGM's employees are on *paid* administrative leave.  If USAGM expects to incur some $23 million in additional payroll costs as a result of a 21-day TRO, that necessarily means Defendants intend to terminate hundreds or thousands of employees *in the next 21 days* if Plaintiffs' TRO is not granted, contradicting the RIF notifications they sent last night, which said termination notices would be sent "in the next few weeks, with a 60-calendar day period prior to the effective date." Dryden Supp. Decl., Ex. 1; Hickey Supp Decl., Ex. 1.  Whatever Defendants' actual plans are, Defendants' bond request further demonstrates why a TRO is needed to preserve the status quo now.

Respectfully submitted,

/s/
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

---

actions/2025/03/ensuring-the-enforcement-of-federal-rule-of-civil-procedure-65c/.

[5] *See also Alexander v. Sutton*, 747 F. Supp. 3d 520, 557 (E.D.N.Y. 2024) (granting preliminary injunction and waiving bond in suit involving First Amendment challenge); *Kermani v. New York State Bd. of Elections*, 487 F. Supp. 2d 101, 116 (N.D.N.Y. 2006) (waiving bond "given the important constitutional and public policy issues arising in this matter").