EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

March 27, 2025

*Via ECF*

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Widakuswara, et al. v. Lake, et al.*, No. 25 Civ. 2390 (JPO)

Dear Judge Oetken:

    On behalf of Plaintiffs in the above-referenced action, we write in opposition to Defendants' letter-motion to transfer this case to the United States District Court for the District of Columbia, Dkt. 35, and to briefly highlight a decision issued this week that bears on this Court's subject matter jurisdiction. Defendants present no basis to disturb Plaintiffs' choice of venue, which is entitled to significant weight. Though Defendants cite cases challenging Defendants' shutdown of the United States Agency for Global Media ("USAGM") that are pending in another district, it is common for multiple courts to hear challenges to federal government actions that impact many differently-situated plaintiffs; moreover, those D.C.-based cases are materially different from this one.

    <u>Venue</u>. As a threshold matter, venue is proper in this District because "venue in a suit against the federal government will lie in any district in which a plaintiff resides." *Stewart v. Azar*, 308 F. Supp. 3d 239, 245 (D.D.C. 2018) (citing 28 U.S.C. § 1391(e)(1)(C)). Plaintiffs John Doe 1 and John Doe 2 reside in this District. *See* Compl., Dkt. 1 ¶¶ 20-21; Celli Decl., Dkt. 16, Ex. U ¶ 3; Celli Decl., Ex. V ¶ 2. A third Plaintiff works in New York and there are a plethora of other connections to the District, discussed below, and for that reason, all Plaintiffs have joined in choosing this District as their forum.

    Even where venue is proper, a district court may transfer a civil action to another venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Page 2

"The party seeking venue transfer bears the significant burden of making a clear and convincing showing that a case should be transferred." *Ed. Musical Latino Americana, S.A. v. Mar Int'l Recs., Inc.*, 829 F. Supp. 62, 66 (S.D.N.Y. 1993). The Second Circuit has identified several non-exclusive factors to be considered in ruling on a motion to transfer, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice. *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 431 (S.D.N.Y. 2018). Defendants do not meet their burden with respect to these factors.

Plaintiff's choice of forum and the locus of operative events. Plaintiffs chose this District as their forum, "a decision that is given great weight," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006), and "should not be disturbed unless the balance of several factors is strongly in favor of defendant," *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998); *see Newsweek, Inc. v. U.S. Postal Serv.*, 652 F.2d 239, 243 (2d Cir. 1981) ("The interest of justice favors retention of jurisdiction in the forum chosen by an aggrieved party where, as here, Congress has given him a choice."). Defendants' challenged actions are currently having devastating effects in New York, specifically. Late Tuesday night, Plaintiff AFGE learned that nine of its USAGM employee-members in New York are slated for termination. See Dkt. 33-3 at 8. Moreover, Defendants' assertion that "nothing connects this case to New York," Dkt. 35 at 5, ignores that three individual Plaintiffs live and work as journalists for VOA in New York (including two who live in this District, specifically), *see* Compl., Dkt1. ¶¶ 20, 21, 23, and VOA maintains a "New York News Bureau" in Manhattan for which Plaintiff AFSCME is the certified collective bargaining agent of any Radio Broadcast Technicians ("RBTs") assigned there, *id.* ¶ 26. Plaintiff Reporters Without Borders, Inc. ("RSF-USA") is incorporated, and often conducts business, in New York.[1] Finally, Plaintiffs' lead law, Emery Celli, is based in New York. Plaintiffs' choice of forum should not be disturbed.

Convenience of the witnesses and parties. Here, neither the convenience of the parties nor witnesses favors transfer of this case to the District of Columbia. While the two individual Defendants are located in D.C. (at least in their official capacities), Plaintiffs reside along the East Coast and abroad—in New York (John Doe 1, John Doe 2, and John Doe 4), D.C. (Widakuswara, Neeper, RSF-USA, and the Union Plaintiffs), Virginia (Jerreat), and Paris, France (Reporters Sans Frontières ("RSF")). At most, this factor favors neither party. *See, e.g.*, *Milgrim Thomajan & Lee P.C. v. Nycal Corp.*, 775 F. Supp. 117, 122 (S.D.N.Y. 1991) (denying motion to transfer where parties were located in New York, D.C., and elsewhere, and noting: "this Court is not persuaded that transfer to the District of Columbia would be more convenient for the witnesses in this action or that the inconvenience for defendants of a New York forum outweighs the inconvenience for plaintiff of a District of Columbia forum").

---

[1] New York State Dep't of State – Div. of Corps., *Search Our Corporation and Business Entity Database*, https://apps.dos.ny.gov/publicInquiry/ (enter "Reporters Without Borders, Inc." in field "EntityName," select "Corporation" from the "Entity list" field, and select "Search the Database").

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

More fundamentally, this case primarily concerns issues of law, not issues of fact that would require years of discovery or witness testimony. The facts underlying Plaintiffs' claims are substantially established based on Defendants' public statements and official acts that are already before the Court. Moreover, Defendants have not identified any witnesses who would be inconvenienced by the present forum and therefore have failed to meet their burden as movants with respect to this factor. *See* Dkt. 35 at 4; *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 550 (S.D.N.Y. 2008) ("When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978)).[2]

Trial efficiency and the interests of justice. This factor has little import in cases with "limited likelihood of fact-intensive inquiries" because "[w]ithout the need for factfinding, the efficiency gains from transfer and consolidation in a single forum are reduced." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 397 (S.D.N.Y. 2014). As noted above, this case hinges on fundamental questions of law, not disputes of fact, and Plaintiffs do not anticipate a need for substantial discovery in this case.

Defendants primarily argue that this case should be removed from Plaintiffs' chosen forum and transferred to D.C. because of the subject matter overlap between this case and *RFE/RL, Inc. v. Lake*, No. 25 Civ. 799 (D.D.C.), *Open Technology Fund v. Lake*, 25 Civ. 840 (D.D.C.) ("*OTF*"), and *Abramowitz v. Lake*, No. 25 Civ. 887 (D.D.C.). But as a general matter, the pendency of other cases concerning the dismantling of USAGM is not one of the Second Circuit's listed factors to consider in analyzing transfer. *See Starr Indem.*, 324 F. Supp. 3d at 431; *D.H. Blair & Co.*, 462 F.3d at 107.

Indeed, it is common for federal courts in multiple circuits to simultaneously hear challenges to unlawful federal agency actions. For example, during the first Trump Administration, challenges to the Department of Homeland Security's "Public Charge Rule"—each involving nearly identical questions of law—were simultaneously litigated through district courts and courts of appeal in the Second, Fourth, Seventh, and Ninth Circuits without the government even filing a motion to transfer.[3]

Additionally, this case involves parties, claims, and attendant legal issues that are not before the court in *RFE/RL*, *OTF*, or *Abramowitz*, making transfer unwarranted. *See, e.g.*, *Lynch*

---

[2] For the same reason, the sixth factor—the availability of process to compel the attendance of unwilling witnesses—favors Plaintiffs. *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) (where no specific witnesses were identified, defendants could not establish that the "unwilling witnesses" factor weighed in their favor).

[3] *See New York v. United States Dep't of Homeland Sec.*, 408 F. Supp. 3d 334 (S.D.N.Y. 2019), *aff'd as modified*, 969 F.3d 42 (2d Cir. 2020) (securing nationwide injunction of Public Charge Rule); *Casa De Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760 (D. Md. 2019), *rev'd and remanded,* 971 F.3d 220 (4th Cir. 2020); *Cook Cnty., Illinois v. McAleenan*, 417 F. Supp. 3d 1008 (N.D. Ill. 2019), *aff'd on other grounds sub nom. Cook Cnty., Illinois v. Wolf*, 962 F.3d 208 (7th Cir. 2020); *Washington v. United States Dep't of Homeland Sec.*, 408 F. Supp. 3d 1191 (E.D. Wash. 2019), *aff'd in part, vacated in part sub nom. City & Cnty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 981 F.3d 742 (9th Cir. 2020).

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

*v. Nat'l Prescription Adm'rs*, No. 03 Civ. 1303, 2004 WL 385156, at *6 (S.D.N.Y. Mar. 1, 2004) (denying motion to transfer where a similar case in the proposed venue "share[d] some of the same factual question and legal issues," but was brought by an individual plaintiff instead of an organizational plaintiff, and did not include the same theories of liability). Although *RFE/RL*, *OTF*, and *Abramowitz* do involve Defendants' dismantling of USAGM, Defendants fail to mention that none include claims challenging Defendants' violation of Plaintiffs' First Amendment rights. Indeed, *RFE/RL* and *OTF* do not even involve claims by individual plaintiffs, let alone by individual journalists whose speech rights are being violated. Instead, both suits are concerned with far more limited claims brought by USAGM grantees, none of which are parties to this suit. Defendants concede this point: they note that the TRO issued yesterday in *RFE/RL* at most addresses one narrow piece of the relief Plaintiffs seek in their proposed TRO here—halting the defunding of one of USAGM's three grantee networks, Radio Free Europe/Radio Liberty. Dkt. 35 at 2. Additionally, even as Defendants are citing the *RFE/RL* case to this Court to seek transfer, just last night they asked the court in D.C. to dismiss the pending motion for a preliminary injunction as moot. *See* Ex. A (Defs' Response & Notice of Withdrawal of Grant Termination, *RFE/RL* Dkt. 15). In the *Abramowitz* case, meanwhile, which was filed only yesterday, the plaintiffs are also not pursuing First Amendment claims. *See generally* Compl., *Abramowitz* Dkt. 1.[4]

Nor do the plaintiffs in *RFE/RL*, *OTF*, or *Abramowitz* represent the specific interests or seek to prevent the specific irreparable harms present here, including: (1) foreign national personal services contractors like Plaintiffs John Doe 3 and 4, who face the prospect of their J-1 visas expiring and possible removal to hostile foreign countries if Defendants' conduct is not promptly enjoined; (2) the Federal Union Plaintiffs, who represent the interests of USAGM's employees and who also organizationally stand to imminently lose members and dues if Defendants are not enjoined; (3) the NewsGuild-CWA ("TNG-CWA"), which represents Radio Free Asia ("RFA") employees who have already been furloughed without pay—RFA employees who, like Plaintiffs John Doe 3 and 4, are also at risk of their work visas expiring and possible removal to hostile foreign countries—and thousands of North American journalists at non-RFA media outlets whose interests are harmed by USAGM's illegal actions, in addition to the organizational harms TNG-CWA is experiencing now from loss of members and dues; and (4) Plaintiffs RSF and RSF-USA's correspondents, who, like the non-RFA journalist members of TNG-CWA, have a First Amendment right to receive information from—and rely on—USAGM's broadcasters and grantees.

The forum's familiarity with governing law. Where, as here, "a case raises a federal question, the 'governing law' factor generally provides no basis for granting a transfer motion, because all federal courts are presumed to be equally familiar with federal law." *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 229 (S.D.N.Y. 2015). "No authority states that, despite venue being proper in this district, this Court should transfer the case to D.C. just because it involves a constitutional challenge" to a

---

[4] Plaintiffs are also aware that, only today, USAGM grantee RFA filed suit in the District of Columbia, but that case also includes neither individual employee plaintiffs nor claims under the First Amendment. *Radio Free Asia. v. United States*, No. 25 Civ. 907 (D.D.C.). In short, the same distinctions between the instant case and *RFE/RL*, *OTF, and Abramowitz* hold true for *Radio Free Asia*.

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Page 5

federal agency action.  *Nat'l Republican Senatorial Comm. v. Fed. Election Comm'n*, 672 F. Supp. 3d 538, 549 (S.D. Ohio 2023).  Defendants concede that this Court "is familiar with the APA, the First Amendment, and other constitutional clauses and federal statutes," but argue that Judge Lamberth in the District of Columbia is nevertheless better suited to hear this case because *RLE/RL* and *OTF* were filed earlier.  Dkt. 35 at 5.  *RFE/RL* and *OTF* were filed on *March 18 and 20*, respectively.  *See* Compl., *RFE/RL* Dkt. 1; Compl. *OTF* Dkt. 1.  This case was filed on *March 21*.  Compl., Dkt 1.  Judge Lamberth's *three-day* "head start" hardly warrants transfer.

<u>Ease of access to sources of proof</u>.  "In the era of electronic documents," this factor "assumes much less importance than it did formerly."  *Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 368 (S.D.N.Y. 2009); *see EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) ("[T]he Court does not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.").  Relevant electronic agency documents and information, including memoranda, directives, emails, and human resources records, are as readily accessible to the AUSAs in this District as they are to those based in D.C.  This factor does not favor transfer.

<u>Relative means of the parties</u>.  There can be no dispute that there is a significant disparity in the relative means of the parties.  "On one side, the Government possesses a deep pool of resources and can wield the power of the federal government," including the Department of Justice and its many thousands of attorneys, "to its advantage."  *Tanyike v. United States*, 603 F. Supp. 3d 572, 584 (S.D. Ohio 2022).  On the other side are individual government employees and independent contractors, labor organizations, and two non-profit NGOs.  This factor strongly weighs against transfer.

The balance of these factors disfavors transferring this urgent matter to the District of Columbia.  Accordingly, the Court "should not [] disturb[]" Plaintiffs' choice of forum, *Orb Factory, Ltd. v*, 6 F. Supp. 2d at 210, and Defendants' motion should be denied.

* * *

Finally, we write to briefly highlight the attached decision issued this week in *American Federation of Government Employees, AFL-CIO v. U.S. Office of Personnel Management*, No. 25-cv-01780 (N.D. Cal.), *see* Ex. B, which directly supports Plaintiffs' position that the Federal Employee Union Plaintiffs' claims are not channeled to an administrative forum.  Adopting many of the arguments set forth in our TRO brief, the court held that the claims brought there by AFSCME and AFGE, which, like the Federal Employee Union Plaintiffs' claims here, alleged "sweeping separation-of-powers violations and generic APA rulemaking violations," "are not of the kind Congress intended to be reviewed through the [Civil Service Reform Act]" and would "go without judicial recourse if not brought in district court."  *Id.* at 10-11.  Likewise, the Court has subject matter jurisdiction to hear and decide *all* Plaintiffs' claims in this case.

Respectfully submitted,

/s/
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

*Attorneys for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

STATE DEMOCRACY DEFENDERS FUND

Norman L. Eisen
Joshua Kolb

*Attorneys for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*