# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

April 3, 2025

*Via ECF*

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Widakuswara, et al. v. Lake, et al.*, No. 25 Civ. 2390 (JPO)

Dear Judge Oetken:

  On behalf of Plaintiffs in the above-referenced action, we write to propose a briefing schedule with respect to Plaintiffs' pending motion for a preliminary injunction and to briefly respond to Defendants' letter filed yesterday, *see* Dkt. 56, in support of their motion to transfer this case to the United States District Court for the District of Columbia.

  **Plaintiffs' proposed preliminary injunction briefing schedule.** We conferred with counsel for Defendants regarding a proposed briefing schedule for Plaintiffs' PI motion. Even though Defendants have already filed a brief in opposition to Plaintiffs' combined TRO/PI motion, *see* Dkt. 41, Plaintiffs proposed that, if Defendants wish to file a separate brief in opposition to Plaintiffs' motion for a PI, specifically, their brief would be due by Monday, April 7, 2025, Plaintiffs would file their reply by Thursday, April 10, 2025, and the Court would hold a PI hearing on April 11, 2025, or as soon thereafter as counsel can be heard. Defendants rejected Plaintiffs' briefing schedule and instead proposed that, if the Court denies Defendants' motion to transfer, Defendants would then file their opposition brief 14 days thereafter, and Plaintiffs would file their reply 7 days after Defendants' opposition.

  Plaintiffs respectfully request that the Court adopt Plaintiffs' PI briefing schedule to ensure that Plaintiffs' irreparable harms are addressed without further delay. As the Court noted in its March 28, 2025 TRO Order, Plaintiffs will continue to suffer irreparable harm each day the United States Agency for Global Media's ("USAGM") broadcasters remain off the air, as many

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

of USAGM's broadcasters' 425 million listeners "may tune out completely once the air waves have been silent for long enough, thus defeating the [agency's] statutorily defined purpose." TRO Order, Dkt. 54 at 17-18. And each day without USAGM programming "irreparably harms RSF correspondents who lack other ways of obtaining reliable information about political changes and safety concerns in the countries where they live and from which they report." *Id*. at 18. Likewise, more than 1000 Voice of America and grantee workers have been placed on administrative leave *en masse*, leaving their careers and lives in limbo, and prohibiting them from performing their vital jobs in service of the agency's statutorily mandated mission. *See id.* at 16-17.

Our proposed deadline of April 7, 2025 is 14 days after Plaintiffs' opening TRO/PI brief—ample time for Defendants to respond. Briefing on the motion should be completed on the schedule proposed by Plaintiffs so the Court can be best equipped to promptly consider the parties' arguments and rule on Plaintiffs' PI motion.

**Defendants' motion to transfer should be denied.** In their letter filed yesterday, Defendants argue again that this case should be transferred to the District of Columbia due to the pendency of other cases in that court related to Defendants' dismantling of USAGM and its grantees. Defendants' letter misses the mark for two reasons.

*First*, as explained in Plaintiffs' letter-brief in opposition to Defendants' motion, this case involves parties, claims, and legal issues that are not before the District of Columbia court in any of the pending cases Defendants cite, including the two new cases Defendants highlight in their new letter: *Radio Free Asia v. United States*, No. 25 Civ. 907 (D.D.C.) ("*RFA*"), and *Middle East Broadcasting Networks, Inc. v. United States*, No. 25 Civ. 966 (D.D.C.) ("*MEBN*"). Just like *Open Technology Fund v. Lake*, No. 25 Civ. 799 (D.D.C.), and *RFE/RL, Inc. v. Lake*, 25 Civ. 840 (D.D.C.), *see* Dkt. 40 at 3-4, the *RFA* and *MEBN* cases each only address the issue of Defendants' defunding of a USAGM grantee network—just one component of the broader relief Plaintiffs seek here. And none of the cases pending in D.C. include First Amendment claims by individual journalists and editors, employee unions, or non-governmental organizations like Plaintiffs Reporters Sans Frontières and Reporters Without Borders, Inc.

*Second*, in their letter yesterday, Defendants neglected to mention that one day earlier, on April 1, Defendants moved to *"stay all proceedings"* in one of the cases pending in the District of Columbia, *Abramowitz v. Lake*, No. 25 Civ. 887 (D.D.C.), "pending the hearing and determination of the plaintiffs' motion for a preliminary injunction" in *this case*. *Abramowitz* Dkt. 17 at 1 (emphasis added). In other words, Defendants seek to transfer this case to D.C. due to cases pending in that court, and meanwhile seek to stay all proceedings in a case in D.C. due to this case pending in this Court. Defendants are not only trying to have their cake and eat it too—they are simultaneously manipulating two courts in service of their goal of unlawfully dismantling USAGM. Moreover, the *Abramowitz* court has not made any rulings in that case, which was filed after this one (the *Abramowitz* plaintiffs rescinded their TRO request in light of this Court's TRO). *See Abramowitz* Dkt. 15.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

      For the reasons provided above and those laid out in Plaintiffs' opposition letter-brief, Dkt. 40, Defendants have not overcome their burden of demonstrating that Plaintiffs' choice of forum should not be honored; their motion to transfer should be denied.

      We thank the Court for its consideration of this submission.

      Respectfully submitted,

      /s/
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

*Attorneys for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

STATE DEMOCRACY DEFENDERS FUND

Norman L. Eisen
Joshua Kolb

*Attorneys for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*